UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>                                                  Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, SAN DIEGO COUNTY; and SUPERIOR COURT OF CA, County of Orange,<br><br>                                                 Defendants. | Case No.: 23cv720-JES (DEB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915(e); and**<br><br>**(3) DENYING AS MOOT EX PARTE APPLICATION FOR INJUNCTIVE RELIEF**<br><br>**[ECF Nos. 2, 3]** |

      On April 19, 2023, Plaintiff Arthur Lopez filed the instant action, alleging various violations of his rights arising from the failure of a clerk at the Superior Court of California, San Diego County, to accept an amended complaint filed by Plaintiff in a unrelated state court action. ECF No. 1. Plaintiff filed a concurrent motion to proceed *in*

*forma pauperis*, and on April 20, 2023, filed an *ex parte* motion for injunctive relief. ECF Nos. 2, 3. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP, **DISMISSES** Plaintiff's complaint under 28 U.S.C. § 1915(a), and **DENIES AS MOOT** Plaintiff's *ex parte* motion for injunctive relief.

## I.  BACKGROUND

Plaintiff is the plaintiff in an unrelated civil case in state court, in Superior Court of California, County of San Diego.[1] ECF No. 1 at 3. Plaintiff alleges that on April 18, 2023, Judge Katherine Bacal granted his request in that case to file a second amended complaint. *Id.* On the same date, Plaintiff alleges that the civil clerk at the Superior Court at "330 West Broadway, San Diego, CA 92101 – Gabriel" refused to accept or file the second amended complaint. *Id.* Plaintiff further alleges that he left a copy of the complaint in the courtroom, but it was not filed either. *Id.* The following day, on April 19, 2023, Plaintiff alleges that he attempted again to have his second amended complaint filed in the civil clerk's office, but was denied. *Id.* Plaintiff also alleges that various individuals at the state court refused to provide him with any clarity as to how to get his complaint filed. *Id.* at 4.

Based on these actions, Plaintiff alleges violation of his constitutional due process rights under the 14th Amendment, fraud, and violation of the American's with Disabilities Act. *Id.* at 5. Plaintiff states that he seeks an "emergency injunctive relief order compelling Defendant to docket" his second amended complaint. *Id.* Plaintiff also seeks an order "requiring Americans with Disabilities Act [("ADA")] of 1990 Rights to be provided when requested as a disabled litigant including staffed security – Sheriff of San Diego County." *Id.* at 6.

//

//

---

[1] The state case number is 30-2022-01287806-CU-PO-CJC.

## II. Motion to Proceed In Forma Pauperis

The Court first addresses Plaintiffs' motion to proceed *in forma pauperis* (IFP). ECF No. 2. It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339).

Here, Plaintiff states that the only income he receives is $1254.00 in social security benefits every month. ECF No. 2 at 2. He has $0 in savings, and owns a car, but has $0 equity in it because of a lien. *Id.* at 2-3. He details his monthly expenses and estimates that his monthly expenses total between $1300-1500 per month. *Id.* at 4-5. Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that he is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## III. Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Even though Plaintiff presents his complaint as arising under the Due Process

Clause of the 14th Amendment, what he seeks is injunctive relief to have this court compel the Superior Court of California to accept his Second Amended Complaint in his state court lawsuit and to compel the state court and/or Sheriff's office to afford him certain accommodations under the ADA. This Court, however, has no authority to order the relief that Plaintiff requests. Though Plaintiff presents his complaint as a § 1983 claim, he is seeking a writ of mandamus. *See Motley v .California*, No. C 10-5639 CW (PR), 2011 WL 3502621, at *1 (N.D. Cal. Aug. 10, 2011) (construing § 1983 action seeking to compel state court to accept plaintiff's habeas petition as seeking mandamus); *Thomas v. Doe*, No. C 07-0170 TEH (PR), 2007 WL 174405, at * 1 (N.D. Cal. Jan. 22, 2007) (construing *pro se* complaint seeking to compel state court to respond to plaintiff's civil complaint as mandamus action).

     A writ of mandamus is only available to compel an officer of the United States to perform a duty, and only under extraordinary circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 379–80 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). However, federal courts are without power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. *Id.* at 380–81; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), aff'd without opinion, 673 F.2d 1337 (9th Cir.1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (federal mandamus statute has no application to state officers or employees).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to proceed IFP, but **DISMISSES** the complaint for failure to state a claim upon which relief may be granted. The Court **DENIES AS MOOT** Plaintiff's *ex parte* motion for injunctive relief. ECF No. 3. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated:  April 28, 2023

_____
Honorable James E. Simmons, Jr.
Unites States District Judge

5

23cv720-JES (DEB)